NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

### In Re MICRON TECHNOLOGY INC., MICRON SEMICONDUCTOR PRODUCTS, INC.,
*Petitioners*

---

2025-135

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 2:23-cv-00028-JRG-RSP, Judge J. Rodney Gilstrap.

---

## ON PETITION

---

Before REYNA, TARANTO, and STARK, *Circuit Judges*.

PER CURIAM.

### O R D E R

Micron Technology Inc. and Micron Semiconductor Products, Inc. (collectively, "Micron") petition for a writ of mandamus, seeking to compel the district court to rule on Micron's motion to transfer and stay all proceedings until that motion is resolved. BeSang Inc. opposes. For the following reasons, we deny the petition.

On January 23, 2023, BeSang filed a complaint at the United States District Court for the Eastern District of Texas alleging patent infringement by Micron. Micron

moved to transfer the case under 28 U.S.C. § 1404(a) to the United States District Court for the District of Idaho, but before the district court acted on that motion, the court granted the parties' request for a stay pending the United States Patent and Trademark Office's resolution of *inter partes* review proceedings regarding the asserted patent.

In February 2025, two months after the stay was lifted, the parties agree that the magistrate judge noted at a status conference he expected to rule on the transfer motion before holding a claim construction hearing. On March 6, 2025, the parties jointly moved for entry of an amended scheduling order, wherein they "agreed on all dates up to the deadline for pretrial submissions" but disputed the "date for the Pretrial Conference." Dkt. No. 101 at 1. On March 10, 2025, the district court entered the amended scheduling order that, *inter alia*, set a claim construction hearing for July 22, 2025. On June 5, 2025, Micron moved to stay proceedings pending resolution of the motion to transfer, and, on June 27, 2025, filed this petition. On July 15, 2025, the magistrate judge denied the motion to transfer.

To obtain a writ of mandamus, a petitioner must show: (1) there is "no other adequate means to attain the relief" requested; (2) "issuance of the writ is clear and indisputable;" and (3) "the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (cleaned up). Under the circumstances, Micron has failed to meet that demanding standard. The magistrate judge has now ruled on Micron's motion to transfer and while Micron insists that the district judge must resolve the motion before the magistrate judge can hold the claim construction hearing—presumably Micron intends to file objections to the magistrate judge's order—its petition does not demonstrate a clear and indisputable right to that relief or that expedited review of its objections would be an inadequate means for obtaining relief.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

July 18, 2025
Date

Jarrett B. Perlow
Clerk of Court